Craig Eugene ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–01147–CR.

Court of Appeals of Texas, Dallas.

June 26, 1991.

Garland D. Cardwell, Sherman, for appellant.

David Cole, Greenville, for appellee.

Before BAKER, LAGARDE and MALONEY, JJ.

## OPINION

BAKER, Justice.

A jury convicted Craig Eugene Anderson of aggravated robbery with a deadly weapon. The trial court assessed a forty-year sentence. In three points of error, appellant contends: (1) the evidence is insufficient to support his conviction; and (2) the State impermissibly commented on his failure to testify. We hold the State improperly referred to appellant's failure to testify. We reverse the trial court's judgment and remand the cause for a new trial.

### FACTS

The complainant testified the robbery occurred at a convenience store. After he had bought gasoline and returned to his truck, he found a man sitting in the truck.

The man held a gun in his hand. He told complainant to drive away. He took $20 to $30 from the complainant. The complainant testified he was in fear of serious bodily injury or death.

The complainant also testified he saw the same man about a week later at a car wash. The complainant confronted the man. The man denied he was the robber. He told the complainant the robber may have been his brother. Later, complainant picked appellant's picture from a photo lineup.

On direct examination, the complainant identified appellant as the robber at the trial. On cross-examination, the complainant admitted he was not that positive that appellant was the robber.

A police officer testified he lifted fingerprints from the complainant's truck. He lifted a print from the passenger door, immediately below the door handle. He identified the print as appellant's. Appellant did not testify at the trial.

## STANDARDS OF REVIEW

### 1. Sufficiency of the Evidence

#### a. Evidence

When an appellant questions the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 238 (Tex.Crim.App.1989). The trier of fact resolves questions of the credibility of the witnesses and the weight of their testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The trier of fact is free to accept or reject all or a portion of any witness's testimony. *Benjamin v. State*, 621 S.W.2d 617, 618 (Tex.Crim.App. [Panel Op.] 1981).

#### b. Identification

■ An uncertain in-court identification of an accused as the perpetrator of a crime, standing alone, is insufficient to support a guilty verdict. *See Bickems v. State*, 708 S.W.2d 541, 543 (Tex.App.—Dallas 1986, no pet.); *United States v. Hawkins*, 658 F.2d 279, 289 (5th Cir.1981). However, an equivocal identification will not make a verdict improper for lack of evidence if other evidence corroborates it. *See Bickems*, 708 S.W.2d at 543. The witness's uncertainty goes to the weight of the testimony and is for the jury. *Ates v. State*, 644 S.W.2d 843, 845 (Tex.App.—Tyler 1982, no pet.).

#### c. Deadly Weapon Finding

■ A person commits aggravated robbery by committing robbery as defined under section 29.02 of the Texas Penal Code while using or exhibiting a deadly weapon. *See* TEX.PENAL CODE ANN. § 29.03(a) (Vernon Supp.1991). A handgun is a deadly weapon per se. *See Ex parte McLemore*, 717 S.W.2d 634, 636 (Tex.Crim.App.1986).

### 2. Comment on Appellant's Failure to Testify

■ When a defendant elects not to testify, his silence is not a proper subject for either direct or indirect comment by the prosecutor. *Dickinson v. State*, 685 S.W.2d 320, 322 (Tex.Crim.App.1984). Such a comment violates the United States Constitution, the Texas Constitution, and Texas statutory law. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979); *see also Bird v. State*, 527 S.W.2d 891, 893 (Tex.Crim.App.1975).

■ A prosecutor's comment is reversible error if the prosecutor manifestly intended it to be, or it is of such a character the jury would naturally take it to be, a comment on the defendant's failure to testify. *Johnson v. State*, 611 S.W.2d 649, 650 (Tex.Crim.App. [Panel Op.] 1981); *Griffin v. State*, 554 S.W.2d 688, 690 (Tex.Crim. App.1977). If the comment calls the jury's attention to the absence of evidence that only the appellant's testimony could supply, we must reverse the conviction. *Owen v. State*, 656 S.W.2d 458, 459 (Tex.Crim.

App.1983); *Myers v. State,* 573 S.W.2d 19, 20–21 (Tex.Crim.App. [Panel Op.] 1978).

### APPLICATION OF STANDARDS OF REVIEW TO FACTS

#### 1. Sufficiency of the Evidence

■ In two points of error, appellant contends the evidence is insufficient to support the conviction because the State did not prove beyond a reasonable doubt appellant: (1) was the same person who committed the crime; and (2) used or exhibited a deadly weapon.

The complainant was hesitant in his in-court identification of appellant. The record also shows:

(1) The complainant identified appellant as the robber at a car wash about a week after the offense, *see Seymoure v. State,* 693 S.W.2d 17, 19 (Tex.App.—Beaumont 1985, no pet.);

(2) The complainant picked appellant's picture from photographic identification, *see Navajar v. State,* 496 S.W.2d 61, 63–64 (Tex.Crim.App.1973); and

(3) An officer lifted appellant's fingerprint from the complainant's truck, *see Phelps v. State,* 594 S.W.2d 434, 436 (Tex.Crim.App. [Panel Op.] 1980); *see also Semento v. State,* 747 S.W.2d 415, 418 (Tex.App.—Dallas 1988, pet. ref'd).

Appellant contends the evidence is insufficient to show he used or exhibited a deadly weapon or that the manner of its use could cause death or serious bodily injury. Appellant argues the authorities did not recover a weapon. He points to the complainant's testimony that appellant did not make any threats or point the gun at him. Appellant concludes there is no evidence of his use and exhibition of a deadly weapon as charged in the indictment. We disagree.

The complainant stated that when he got in the truck, appellant was holding a pistol in his hand, pointed at the floor toward the driver's side of the truck. The complainant also testified he was afraid appellant would harm or kill him. A handgun is a deadly weapon. *Ex parte McLemore,* 717 S.W.2d at 636. That appellant did not point the gun directly at the complainant does not

make the evidence insufficient. *See Jackson v. State,* 772 S.W.2d 575, 577 (Tex. App.—Fort Worth 1989, no pet.). We hold the evidence is sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. We overrule appellant's points of error one and two.

#### 2. Comment on Appellant's Failure to Testify

■ In his third point of error, appellant contends the trial court erred by overruling his motion for mistrial. He argues the State improperly commented on appellant's failure to testify during closing arguments at the guilt/innocence phase of the trial.

The State argued:

[PROSECUTOR]: Another thing: we're not going to do Mr. Dunn's (defense counsel) homework for him. I told you yesterday he didn't disagree with me about this—he didn't agree but he didn't disagree. He has equal subpoena power. Mr. Dunn, if he thought that that clerk, that woman clerk in the Citgo gasoline station, at 7:15, in Sherman, on Texoma Parkway, February 5, 1990, could have come and helped his client he'd have gotten a subpoena for her. And he could bring her in here and he could say, "What do you know that's going to help my client?" He can do that, he could have done it with Troy Williams, too. We don't have to do his homework for him, so when he talks to you about why we didn't bring a witness or what have you, that's why, because he could have brought them to you.

Remember, he doesn't have to put up any defense or anything. Remember that. It's like "put up or shut up." And that's what he's told us to do, "put up or shut up." But has he put up any kind of explanation as to how those fingerprints ended up on the truck? Has he? Are we to believe that Craig Anderson here— I mean the only way they could have been on that truck if he's some kind of touchy feely kind of guy, with a fetish for such trucks, you know, he just loves

to go around and touch trucks—I'm sure you all have been outside the past day or two, why don't you all go out every parking lot you see at Midway Mall, touch a bunch of trucks, burn your hands, why don't you?

Appellant contends the argument:

Remember, he doesn't have to put up any defense or anything. Remember that. *It's like "put up or shut up."* And that's what he's told us to do, "put up or shut up." *But has he put up any kind of explanation as to how those fingerprints ended up on the truck? Has he?*

is a direct, improper comment to the jury about his failure to testify or present evidence in his behalf. Appellant contends the trial court erred by not granting his motion for mistrial on those grounds. *See Cook v. State,* 702 S.W.2d 597, 599 (Tex. Crim.App.1984). We note appellant did not move for a mistrial until after the arguments had concluded and the trial court had retired the jury.

The State contends the argument referred to appellant's counsel and not to appellant. The State asserts we have long recognized its right to comment on a defendant's failure to produce evidence from witnesses who might be available. *See Montoya v. State,* 744 S.W.2d 15, 37 (Tex.Crim. App.1987), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988). The State does not contend that, if the argument is improper, the trial court could have cured it by an instruction to disregard. Nor does it argue appellant did not preserve the error for review, or that the error was harmless. *See Montoya,* 744 S.W.2d at 37; *Martin v. State,* 630 S.W.2d 952, 956 (Tex.Crim.App.1982); *Bird v. State,* 527 S.W.2d 891, 895 (Tex.Crim.App.1975).

Taking the entire argument in context, it is clear the prosecutor switched the focus of the argument from a response to defense counsel's argument about the nonappearance of the gas station clerk to appellant's failure to come forward with evidence to explain how his fingerprint came to be on the passenger door of the truck. Nothing in the record leads to the conclusion some witness other than appellant could have supplied the missing evidence. We conclude the State's argument impermissibly commented on appellant's failure to testify. We cannot say the comment is so insignificant it is harmless. We cannot conclude beyond a reasonable doubt the improper comment did not contribute to appellant's conviction and sentence. TEX. R.APP.P. 81(b)(2). We sustain appellant's third point of error.

We reverse the trial court's judgment and remand the cause for a new trial.