COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-293-CR
  
  
JIMMIE 
L. GRADY                                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Jimmie 
L. Grady appeals from his conviction for robbery causing bodily injury. In four 
points on appeal, appellant challenges the legal and factual sufficiency of the 
evidence to support his conviction, argues that the pretrial photo lineup was 
impermissibly suggestive, and complains that the trial court improperly charged 
the jury on the law of parties. We will affirm.
        In 
his first two points, appellant contends that the evidence is legally and 
factually insufficient to support his conviction because it does not show that 
he is the person who caused bodily to the victim, Stephen McClure.[2]  Appellant contends that McClure equivocated at trial 
about whether appellant was the person who hit McClure when his wallet was 
stolen. Appellant also points out that two eyewitnesses testified that appellant 
stole McClure’s wallet but that someone else hit him.
        McClure 
testified as follows: During a drug transaction, appellant and another man 
backed McClure into an alley, where appellant demanded McClure’s wallet. A man 
standing behind McClure took his wallet out of his pocket and handed it to 
appellant, who took the money from the wallet and began looking through 
McClure’s identification papers. When McClure tried to get his wallet back, 
appellant jerked it away and hit McClure in the face. McClure then fell to the 
ground and lost consciousness.
        Sergeant 
J.M. Sparrow testified that he interviewed McClure at the hospital following the 
incident and presented a photo lineup to McClure. According to Sergeant Sparrow, 
McClure unequivocally identified appellant in the photo lineup and said that he 
was “absolutely one hundred percent sure” that appellant was the man who had 
hit and robbed him.
        At 
trial, McClure testified that appellant “sure look[ed] like” the person who 
had robbed him, but that he had only seen his assailant on the night of the 
robbery, which had been almost a year earlier. But McClure also testified that 
he took special note of what appellant was wearing and described it to the 
police. This description corresponded to what appellant was wearing when the 
police found and arrested him. Further, McClure testified that appellant’s 
companion(s) called him “Jimmie.”
        Two 
eyewitnesses, Felix LeBeau and Tanya Greer, testified that they saw appellant 
take McClure’s wallet but that one or two other men who were with appellant 
hit McClure. Greer also testified that after taking the money from McClure’s 
wallet, appellant left the scene with the men who had hit McClure.
        Appellant 
testified at trial and admitted to the original drug transaction; however, he 
denied any involvement in the robbery. At first, he claimed that he was not 
present at the time of the robbery, but he later changed his story and admitted 
he was standing at a distance while the other men robbed McClure.
        When 
an uncertain in-court identification of the accused as the perpetrator of the 
crime is corroborated by other evidence, the witness’s uncertainty merely goes 
to the weight of the testimony and is a matter for the jury to decide. Anderson 
v. State, 813 S.W.2d 177, 179 (Tex. App.—Dallas 1991, no pet.); see 
also Wilson v. State, 581 S.W.2d 661, 665 (Tex. Crim. App. 1979) (op. on 
reh’g) (stating that complaining witness’s failure to identify appellant on 
one occasion goes only to the weight of identification evidence). Here, in 
addition to McClure’s somewhat tentative in-court identification of appellant, 
the jury also had before it the evidence of McClure’s unequivocal 
identification of appellant from the photo lineup after the robbery, his 
accurate description of appellant’s clothing worn during the robbery, and his 
recounting of appellant’s first name to police. Further, McClure never wavered 
from his testimony that the same person both stole his wallet and hit him.
        Moreover, 
the jury was charged that they could find appellant guilty either as a principal 
or as a party. Under the law of parties, a person is criminally responsible for 
an offense committed by the conduct of another if he acts with the intent to 
assist or promote the commission of the offense or attempts to aid the other 
person to commit the offense. Tex. Penal 
Code Ann. § 7.02(a)(2) (Vernon 2003). There is ample evidence from 
LeBeau and Greer that, even if appellant did not hit McClure, he acted with the 
intent to assist, promote, or aid someone else in the commission of the robbery. 
Accordingly, applying the appropriate standards of review,[3] 
we hold that the evidence is legally and factually sufficient to support the 
jury’s verdict. We overrule appellant’s first and second points.
        In 
point three, appellant contends that the pretrial photo lineup was impermissibly 
suggestive; however, appellant has forfeited this complaint because he did not 
raise it at trial. See Tex. R. 
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. 
Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999). 
Instead, when the State offered the photo spread “for all purposes,” 
appellant’s counsel replied, “No objection.” Therefore, we overrule 
appellant’s third point.
        Appellant 
argues in his fourth point that the trial court erred in charging the jury on 
the law of parties. Appellant asserts that the testimony at trial only supports 
a conclusion that he committed the theft element of the robbery, not that he 
caused or intended to cause bodily injury to McClure. Appellant further asserts 
that any evidence that McClure was assaulted by someone else does not show that 
the assault occurred while a theft was being committed. See Tex. Penal Code Ann. § 29.02(a).
        If 
the evidence introduced at trial raises an issue that the defendant’s conduct 
was not sufficient by itself to constitute the charged offense, and instead 
depended on the acts of another, then the submission of a parties charge is 
appropriate. McCuin v. State, 505 S.W.2d 827, 830 (Tex. Crim. App. 1974). 
Here, the evidence raised an issue about whether appellant’s conduct in 
committing the bodily injury element of the robbery was partially dependent upon 
the conduct of his companions. Thus, the trial court properly submitted the 
parties charge. We overrule appellant’s fourth point.
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.
 
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
  
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 2, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Penal Code Ann. § 
29.02(a) (Vernon 2003) (providing that a person commits robbery if, in the 
course of committing theft, he intentionally, knowingly, or recklessly causes 
bodily injury to another).
3.  
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) 
(setting out legal sufficiency standard); see also Zuniga v. State, 144 
S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (setting out factual sufficiency 
standard).