SCOTT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-514-CR

STEVEN JAJUAN SCOTT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
ON PETITION FOR DISCRETIONARY REVIEW

------------

After reviewing Appellant’s petition for discretionary review, we modify our opinion and judgment in this appeal.  
See
 
Tex. R. App. P. 
50.  We withdraw our August 11, 2005 memorandum opinion and judgment and substitute the following.

INTRODUCTION

A jury convicted Appellant, Steven Jajuan Scott, of aggravated robbery for car-jacking Joe Jackson.  Appellant argues that the trial court erred in denying his motion for directed verdict.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2002 Jackson found Appellant leaning on Jackson’s car outside a convenience store.  Jackson testified that Appellant asked Jackson to drive him across the freeway, then offered to pay Jackson twenty dollars to take him, and finally pulled a gun and demanded Jackson’s keys at gunpoint.  Jackson threw his keys at Appellant and fled while Appellant drove away.  A police officer testified that Appellant was not in possession of a weapon at the time of his arrest.  No weapon was found in the car.  Appellant chose not to testify.  A jury returned a verdict of guilty to the charge of aggravated robbery.  Appellant was sentenced to twenty years’ confinement.  Appellant appealed. 

DISCUSSION

On appeal, Appellant argues that the trial court erred in denying his motion for directed verdict on the charge of aggravated robbery.  Appellant claims that the evidence was legally insufficient to establish that the item he displayed during the robbery was a deadly weapon.  We disagree.

A challenge on appeal to the denial of a motion for directed verdict is a challenge to the legal sufficiency of the evidence.  
Canales v. State
, 98 S.W.3d 690, 693 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1051 (2003); 
Williams v. State
, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the judgment where the jury is the trier of fact.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997)
.  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
  
The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

A person commits robbery if, in the course of committing theft as defined in chapter 31 of the Texas Penal Code and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.  
Tex. Penal Code Ann.
 § 29.02(a) (Vernon 2002).  A person commits aggravated robbery if he commits robbery as defined under section 29.02 of the code and he uses or exhibits a deadly weapon.  
Id.
 § 
29.03(a)
.

Situations similar to the one in this case arose in both 
Anderson v. State
, 813 S.W.2d 177 (Tex. App.—Dallas 1991, no pet.), and 
Jackson v. State
, 772 S.W.2d 575 (Tex. App.—Fort Worth 1989, pet. ref’d)
.  In both cases, the appellants were convicted of aggravated robbery and claimed that the evidence was not sufficient to show that they used or exhibited a deadly weapon.  
Anderson
, 813 S.W.2d at 180
; Jackson,
 772 S.W.2d at 576.  In each instance, the court held that the complainant’s testimony was sufficient for a jury to find beyond a reasonable doubt that the appellant had exhibited a deadly weapon.  
Anderson
, 813 S.W.2d at 180
; Jackson,
 772 S.W.2d at 576.  Like 
Anderson
 and 
Jackson
, here the jury finding that Appellant exhibited a deadly weapon is based on the complainant’s
 testimony.  

Appellant insists that because no weapon was produced at trial and no weapon was found in the car in his possession, the trial court should have granted his directed verdict.  Appellant is incorrect because the actual weapon used in the commission of an offense need not be introduced into evidence if a witness is able to testify about the weapon and the manner in which it was used.  
See Morales v. State
, 633 S.W.2d 866, 868 (Tex. Crim. App. [Panel Op.] 1982); 
Nickerson v. State, 
69 S.W.3d 661, 669 (Tex. App.—Waco 2002, pet. ref’d); 
Billey v. State,
 895 S.W.2d 417, 420 (Tex. App.—Amarillo 1995, pet. ref’d).

Although police did not locate a weapon, Jackson described the weapon as a “small grayish automatic-type handgun.”  Jackson saw most of the barrel and the muzzle.  He saw Appellant’s finger on the trigger.  Jackson was able to distinguish the weapon from a toy gun.  He testified that the weapon looked like metal, not plastic. 

Reviewing Jackson’s testimony in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant displayed a deadly weapon during the car-jacking.  
See 
  
McDuff
, 939 S.W.2d at 614.  
We hold that the evidence was legally sufficient to support the conviction.

CONCLUSION

Because we hold the evidence in the record legally sufficient to support  Appellant’s conviction for aggravated robbery, we overrule Appellant’s single point and affirm the judgment of the trial court. 
 See
 
Tex. R. App. P.
 43.2(a). 

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 6, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.