COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-03-514-CR

 

 

STEVEN JAJUAN SCOTT                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

              ON
PETITION FOR DISCRETIONARY REVIEW

 

                                              ------------

After reviewing Appellant=s petition for discretionary review, we modify our opinion and
judgment in this appeal.  See Tex. R. App. P. 50.  We withdraw our August 11, 2005 memorandum
opinion and judgment and substitute the following.

 








 

INTRODUCTION

A jury convicted Appellant,
Steven Jajuan Scott, of aggravated robbery for car-jacking Joe Jackson.  Appellant argues that the trial court erred
in denying his motion for directed verdict. 
We affirm.

FACTUAL AND PROCEDURAL
BACKGROUND

In January 2002 Jackson found
Appellant leaning on Jackson=s car outside a convenience store. 
Jackson testified that Appellant asked Jackson to drive him across the
freeway, then offered to pay Jackson twenty dollars to take him, and finally
pulled a gun and demanded Jackson=s keys at gunpoint.  Jackson
threw his keys at Appellant and fled while Appellant drove away.  A police officer testified that Appellant was
not in possession of a weapon at the time of his arrest.  No weapon was found in the car.  Appellant chose not to testify.  A jury returned a verdict of guilty to the
charge of aggravated robbery.  Appellant
was sentenced to twenty years= confinement.  Appellant
appealed. 

DISCUSSION

On appeal, Appellant argues
that the trial court erred in denying his motion for directed verdict on the
charge of aggravated robbery.  Appellant
claims that the evidence was legally insufficient to establish that the item he
displayed during the robbery was a deadly weapon.  We disagree.













A challenge on appeal to the
denial of a motion for directed verdict is a challenge to the legal sufficiency
of the evidence.  Canales v. State,
98 S.W.3d 690, 693 (Tex. Crim. App.), cert. denied, 540 U.S. 1051
(2003); Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).
In reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the judgment where the
jury is the trier of fact.  Cardenas
v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); Narvaiz v. State,
840 S.W.2d 415, 423 (Tex. Crim. App. 1992). 
The critical inquiry is whether, after so viewing the evidence, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App.), cert. denied, 522 U.S.
844 (1997).  This standard gives full
play to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

A person commits robbery if,
in the course of committing theft as defined in chapter 31 of the Texas Penal
Code and with intent to obtain or maintain control of the property, he
intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.  Tex. Penal Code Ann. ' 29.02(a) (Vernon 2002).  A
person commits aggravated robbery if he commits robbery as defined under
section 29.02 of the code and he uses or exhibits a deadly weapon.  Id.
' 29.03(a).








Situations similar to the one
in this case arose in both Anderson v. State, 813 S.W.2d 177 (Tex. App.CDallas 1991, no pet.), and Jackson v. State, 772 S.W.2d 575
(Tex. App.CFort Worth
1989, pet. ref=d).  In both cases, the appellants were convicted
of aggravated robbery and claimed that the evidence was not sufficient to show
that they used or exhibited a deadly weapon. 
Anderson, 813 S.W.2d at 180; Jackson, 772 S.W.2d at
576.  In each instance, the court held
that the complainant=s testimony
was sufficient for a jury to find beyond a reasonable doubt that the appellant
had exhibited a deadly weapon.  Anderson,
813 S.W.2d at 180; Jackson, 772 S.W.2d at 576.  Like Anderson and Jackson, here
the jury finding that Appellant exhibited a deadly weapon is based on the
complainant=s
testimony.  

Appellant insists that
because no weapon was produced at trial and no weapon was found in the car in
his possession, the trial court should have granted his directed verdict.  Appellant is incorrect because the actual
weapon used in the commission of an offense need not be introduced into
evidence if a witness is able to testify about the weapon and the manner in
which it was used.  See Morales v.
State, 633 S.W.2d 866, 868 (Tex. Crim. App. [Panel Op.] 1982); Nickerson
v. State, 69 S.W.3d 661, 669 (Tex. App.CWaco 2002, pet. ref=d); Billey v. State, 895 S.W.2d 417, 420 (Tex. App.CAmarillo 1995, pet. ref=d).

Although police did not
locate a weapon, Jackson described the weapon as a Asmall grayish automatic-type handgun.@  Jackson saw most of the barrel
and the muzzle.  He saw Appellant=s finger on the trigger. 
Jackson was able to distinguish the weapon from a toy gun.  He testified that the weapon looked like
metal, not plastic. 








Reviewing Jackson=s testimony in the light most favorable to the verdict, we conclude
that a rational trier of fact could have found beyond a reasonable doubt that
Appellant displayed a deadly weapon during the car-jacking.  See   McDuff, 939 S.W.2d at 614.  We hold that the evidence was legally
sufficient to support the conviction.

CONCLUSION

Because we hold the evidence
in the record legally sufficient to support 
Appellant=s conviction
for aggravated robbery, we overrule Appellant=s single point and affirm the judgment of the trial court.  See Tex.
R. App. P. 43.2(a). 

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 6, 2005











[1]See Tex. R. App. P. 47.4.