**Opinion filed February 28, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00059-CR

_____

### PHILLIP G. MARTINEZ, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12950**

### M E M O R A N D U M   O P I N I O N

Phillip G. Martinez appeals his conviction for the offense of aggravated robbery. After a trial, the jury found him guilty and assessed punishment at fourteen years confinement, and the trial court sentenced him accordingly. He contends that the evidence is insufficient to support his conviction. We affirm.

*Background*

On the night of June 3, 2010, David and Jennifer Canales had just finished dinner, and while Jennifer put two of their children down for bed, David sorted his dry cleaning in the living room. When David heard his latched screen door "pop," he started toward the front door. Jennifer heard a pounding noise and ran toward the living room. As she reached the doorway of the living room, the door was kicked in, and three masked men entered the house with guns drawn, yelling to get on the ground. There were three men, two of which had handguns, and the third had a sawed-off shotgun wrapped in black tape. Jennifer and David both testified that they immediately recognized the men when they entered their home. The men were wearing dark pants and shoes, cholo-type shirts, toboggans, and bandanas covering the lower half of their faces.

Then someone kicked in the side door, and although David's face was buried in the couch, Jennifer saw more men enter the house. The men "tossed" the children's rooms. One intruder took Jennifer to the master bedroom, and he took a diamond-encrusted cross necklace and her handgun, as well as $450 and her cell phone from her purse. David had his hands covering his head because one of the men was pistol-whipping him, and the man noticed his wedding band. But when David refused to hand it over, the man hit him on the hand a couple of times and took the ring from his finger. The men also took $40 that David had in his pocket. As the intruders left the house, one of them warned the Canaleses not to call the police or else they would return and kill them. They smashed the front porch light and slashed a tire on Jennifer's car on their way out. Because they feared retaliation, the Canaleses called Jennifer's cousin, who lived in the neighborhood, to come pick up the children before they called the police.

Meanwhile, two narcotics investigators with the Big Spring Police Department, Lanny Swanson and John Haynes, were "rolling and patrolling" the area for narcotics transactions when they passed a vehicle that was traveling without its headlights. After activating the lights and making a U-turn, the officers saw an occupant throw an object from the car. As the driver of the vehicle began to pull over for the traffic stop, the front seat passenger exited and began to run. When the car came to a complete stop, two more occupants bolted from the vehicle. The narcotics officers got out of their vehicle, chased, and apprehended two of the fleeing suspects; the driver of the vehicle drove away. The officers apprehended Felix Jaramillo and Brian

2

Gonzales. The officers asked for backup, and Big Spring Police Officer Andrew Garcia responded to the call.

As Officer Garcia was "searching for a vehicle that had fled from other officers just a few minutes before that," he had his windows down and heard a call for help as he passed by the Canaleses' home. He stopped and made contact with David and Jennifer. David told the officer about the masked men that had robbed them at gunpoint and told the officer that he had recognized Appellant and Clifford Anglin. When David began to "dry-heave," the officer called an ambulance. David had been hit in the head many times, and the officer was concerned about a head injury. Jennifer told the officer that she recognized Appellant, Anglin, and a man she knew as "Gato."

After they traced the paths taken by the fleeing suspects, the narcotics officers found a sawed-off shotgun wrapped in black tape, Jennifer's gun, another loaded pistol, a latex glove, two baseball batting gloves, and two blue bandanas. They found these items in the yards of 626 State Street and 624 State Street. One of the narcotics officers testified that evidence was "scattered from 624 State all the way to where the vehicle finally stopped." While collecting evidence, the narcotics officers heard a call that a robbery had occurred nearby at 406 State Street. Jennifer testified that her cell phone and a gun were discovered in her neighbor's yard. DNA testing showed that one of the blue bandanas was a match to Jaramillo and that he could not be excluded as the major contributor to the genetic material found on the latex glove. Appellant and the other suspects were excluded as contributors to a few of the items of evidence, and other items yielded no interpretable data for testing.

In his sole issue, Appellant contends that the evidence against him is legally insufficient to support his conviction for aggravated robbery. Specifically, he argues that no physical evidence ties him to the crime and also complains about the eyewitness identification because neither David nor Jennifer identified any details about Appellant's appearance and, instead, generally described his stature. Appellant further contends that no rational juror could find him guilty beyond a reasonable doubt in light of "a mountain of exculpatory testimony" and his "four unshaken alibi witnesses."

*Sufficiency of the Evidence*

When we review the sufficiency of the evidence to support Appellant's conviction, we consider all of the evidence in the light most favorable to the verdict and determine whether the

factfinder was reasonably justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). This standard recognizes the responsibility of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *Jackson*, 443 U.S. at 319; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011). The trier of fact is the sole judge of the weight and credibility of the evidence; thus, we may not reweigh the evidence or substitute our judgment. TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Gibbs v. State*, 819 S.W.2d 821, 834 (Tex. Crim. App. 1991). "The jury may believe some witnesses and refuse to believe others, and it may accept portions of the testimony of a witness and reject other portions." *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). Instead, we determine whether the inferences necessary to reach the ultimate conclusion are reasonable in light of the evidence when viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. at 319. We presume that the factfinder resolved conflicts in favor of the verdict, and we defer to that resolution. *Brooks*, 323 S.W.3d at 899–900.

An uncertain in-court identification of a defendant as the perpetrator of a crime, without more, is insufficient to support a guilty verdict. *Redwine v. State*, 305 S.W.3d 360, 366 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *Swartz v. State*, 61 S.W.3d 781, 788 (Tex. App.—Corpus Christi 2001, pet. ref'd). But an equivocal identification may withstand a sufficiency attack if other evidence corroborates it. *Anderson v. State*, 813 S.W.2d 177, 179 (Tex. App.—Dallas 1991, no pet.)

In this case, two witnesses positively and unequivocally identified Appellant. David and Jennifer both testified that they immediately recognized the men when they entered their home. David said that Appellant was the last of the three to enter through the front door and that Appellant pointed a handgun at him. After flagging down Officer Garcia, David named Anglin, Jaramillo, and Appellant as the intruders. David testified that he had known Anglin for ten years and did not question that Appellant was there. David identified Appellant in the courtroom, and he continually stated that he had no doubt about Appellant's involvement. Likewise, Jennifer testified that she immediately recognized Appellant, that Appellant stood between the couches and pointed his gun into the side of David's face, and that she recognized Appellant's stature and the way he stood. Jennifer identified Appellant in the courtroom, and she was certain that it was Appellant in her home that night because she had gone to high school with him and because he

had children with her cousin, Naomi. The positive identification of Appellant by David and Jennifer Canales as one of the men who robbed them is sufficient to support Appellant's conviction. *See Ford v. State*, 509 S.W.2d 317, 318 (Tex. Crim. App. 1974) ("The positive identification of appellant as the [killer] is sufficient to support his conviction.").

*Conclusion*

We construe Appellant's sole issue on appeal as an attack on the credibility of the witnesses, but credibility is an issue for the jury to decide. Because the eyewitnesses were certain when they identified Appellant in court, the evidence of Appellant's identity is sufficient to support the jury's verdict. We overrule Appellant's sole issue on appeal.

The judgment of the trial court is affirmed.


MIKE WILLSON

JUSTICE


February 28, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

5