**Opinion filed January 16, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00075-CR

_____

## MARK ALLEN BROWN, Appellants

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No.  24484A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Mark Allen Brown, of the offense of possession of less than one gram of cocaine.  Appellant pleaded true to two enhancement allegations, and the jury assessed his punishment at confinement for twenty years and a fine of $5,000.  The trial court sentenced Appellant in accordance with the jury's verdict.  We affirm.

In a single issue on appeal, Appellant challenges the sufficiency of the evidence to support the jury's verdict. Specifically, he asserts that the State's evidence is insufficient to establish that Appellant was the same person that the police arrested on the date of the offense made the subject of this case.

Sue Belver and Rodney Smith were narcotics agents for the City of Abilene Police Department at the time of this offense. Agent Belver testified that Abilene is so small that most ongoing drug dealers knew that she and Agent Smith were narcotics agents, but they wore plain clothes and drove unmarked vehicles "to blend."

On the day of this offense, Agent Belver and Agent Smith were on patrol when they saw several males arguing. Agent Smith stopped his Ford F-150 pickup in the middle of the street. The agents recognized one of the men: Barry Wayne Tutt. Tutt also apparently recognized the agents because he got into his vehicle and left the scene. Appellant, however, approached the agents and asked what they were looking for. When Agent Smith responded by asking what Appellant had for sale, Appellant got into the backseat of the pickup; he left the pickup door open.

Because the agents had not planned to do any formal undercover work on that occasion, they had not concealed their police radios and equipment. Therefore, Agent Belver exited the vehicle and stood next to Appellant in the event that Appellant noticed their equipment and decided to flee. As they talked, Agent Belver moved so close to Appellant that she was standing between his legs. Appellant had his fists clenched but opened them to reveal a bottle cap in one hand and two rocks of crack cocaine in the other. As Agent Belver took the rocks and went to get money from her purse, Agent Smith got out of the pickup and walked to the passenger side. Instead of money, Agent Belver retrieved her gun, badge, and handcuffs. She had the crack cocaine in one hand and handed the handcuffs to Agent Smith with her other hand. When Appellant saw the handcuffs, he said,

2

"Y'all are cops." Agent Smith cuffed one of Appellant's hands, but before he could cuff the other, Appellant shoved him, injuring Agent Smith's shoulder. Appellant escaped. Agent Belver pursued Appellant but did not catch him.

After an investigation, Agent Belver determined Appellant's name and confirmed his identity by looking at the picture from his state-issued identification card. Appellant was later arrested for evading arrest and possession of cocaine, although the evading charges were later dismissed. Both agents testified at trial and identified Appellant as the person who had the cocaine and who offered to sell them cocaine but instead fled.

When reviewing the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *Gross v. State*, 380 S.W.3d 181, 185 (Tex. Crim. App. 2012). This standard requires us to defer to the jury to resolve conflicts in the evidence, to weigh the evidence, and to draw reasonable inferences to reach ultimate facts. *See Jackson*, 443 U.S. at 316; *Gross*, 380 S.W.3d at 185. The jury is the sole judge of the credibility of the witnesses, and it is free to accept or reject any or all of a witness's testimony. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

An uncertain in-court identification is insufficient to support a guilty verdict and requires corroborating evidence. *Redwine v. State*, 305 S.W.3d 360, 366 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *Anderson v. State*, 813 S.W.2d 177, 179 (Tex. App.—Dallas 1991, no pet.). But a witness's unequivocal identification of a defendant as the perpetrator of the crime is sufficient to support a conviction. *Ford v. State*, 509 S.W.2d 317, 318 (Tex. Crim. App. 1974).

Appellant argues that the in-court identifications by the undercover agents were insufficient because they were cross-racial identifications and because there was no evidence to show how they determined that Appellant was the suspect who had fled. We note that Appellant does not challenge the admissibility of the two in-court identifications, only the sufficiency.

Both agents positively identified Appellant as the assailant who tried to sell them crack cocaine. Agent Belver testified that she was positive that Appellant was the suspect because she was "up close and personal" when standing between Appellant's legs and that she would have been able to identify Appellant's face even if she had not known his name. Agent Smith testified that he was positive that Appellant was the suspect because he talked to Appellant personally, both when Agent Smith was in the driver's seat and later when he was standing next to Appellant. Moreover, Agent Smith testified that "you always remember as an officer when you're involved in struggles . . . and those do stand out in your mind and you remember from start to finish how those went." Agent Smith testified that "the facts of this case were ingrained and were very, very clear in my mind due to the fact that I had to undergo . . . treatment" for the shoulder injury. Neither agent was either equivocal or uncertain when identifying Appellant at trial.

The testimony of these two eyewitnesses is sufficient to prove that Appellant committed the offense. *See Ford*, 509 S.W.2d at 318 ("The positive identification of appellant as the [killer] is sufficient to support his conviction."). After reviewing the record, we conclude that a rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

January 16, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.