ACCEPTED
06-15-00059-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/22/2015 10:47:41 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00059-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/23/2015 8:13:00 AM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH DISTRICT

AT TEXARKANA, TEXAS

JAMES WAYNE WALSH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

APPEAL IN CAUSE NUMBER 28,919

IN THE 196TH JUDICIAL DISTRICT COURT

OF HUNT COUNTY, TEXAS

BRIEF FOR APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his request for the judgment of conviction to be overturned in Cause No. 28,919.

Appellant Requests Oral Argument

## IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
David Couch
685 Justin Road
P.O. Box 573
Rockwall, TX  75087-4821

Appellee:
The State of Texas by and through
Noble Walker
Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
Steven Lilley
Hunt County District Attorney's Office
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# TABLE OF CONTENTS

Identity of the Parties and Counsel ..............................................................2

Table of Contents ...................................................................................3

Index of Authorities ................................................................................4

Statement of the Case ...............................................................................5

Issue Presented......................................................................................6

Statement of the Facts...............................................................................7

Summary of the Argument ..............................................................................9

Argument and Authorities ...........................................................................10

     **Issue Number One**.............................................................................10

     The evidence is legally insufficient to support the conviction of Appellant for Evading.

     **Issue Number Two**............................................................................14

     The evidence is legally insufficient to support a finding of a deadly weapon

Prayer for relief .................................................................................. 17

Certificate of Word Count...........................................................................18

Certificate of Service..............................................................................18

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Jackson v. Virginia,* 443 U.S. 307. ...........................................................10

*United States v. Murray*, 527 F.2d 401, 410 (5th Cir.1976). ......................10

**STATE CASES:**

*Anderson v. State*, 813 S.W.2d 177 (Tex.App.-Dallas 1991, no pet.)........12

*Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App.2010). ...................10

*Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)......................10

*Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001). .................11

*Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) ....................10

*Rankin v. State*, 46 S.W.3d 899 (Tex.Crim.App. 2001). ...........................15

*Redwine v. State,* 305 S.W. 3d 360 (Tex. App. – Houston [14 Dist.] 2010) .................................................................................................................11

*Swartz v. State*, 61 S.W.3d 781(Tex.App.-Corpus Christi 2001, pet. ref'd) 12

**STATE STATUTES:**

TEX. PEN. CODE ANN §1.07(17)(A)&(B) (Casemaker 2015) ...................15

TEX. PEN. CODE ANN §38.04(a) (Casemaker 2015) ...............................10

TEX. PEN. CODE ANN §38.04(b)(2) (Casemaker 2015)...........................11

TEX. R. APP. P 78.1(c) (Casemaker 2015) ...............................................16

## STATEMENT OF THE CASE

This is an appeal of and sentence in criminal case for the 354th Judicial District, in Hunt County, Texas. Appellant was convicted Evading Arrest with a Vehicle. Appellant was assessed a sentence Forty Five (45) years Imprisonment on February 12, 2015 by a Jury. The Jury made a finding that Appellant committed the offence will using a deadly weapon. Notice of appeal was given on February 17, 2015. The clerk's record was filed April 22, 2015. The reporter's record was filed on April 20, 2015.

## ISSUE PRESENTED

**ISSUE ONE:**

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF APPELLANT OF EVADING ARREST.

**ISSUE TWO:**

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE FINDING THAT DEFENDANT USED A MOTOR VEHICLE AS A DEADLY WEAPON.

## STATEMENT OF THE FACTS

James Wayne Walsh was charged with one offence in his indictment. The indictment alleged that Walsh, while using a vehicle, evaded arrest. In the same indictment Walsh was alleged to use the motor vehicle in a manner of its use and intended use was capable of causing death or serious bodily injury. (CR Vol. 1 p. 11.)

At trial the prosecution began its case by eliciting testimony from a David Coulson, the owner of a tan ford pick-up truck. Coulson believed that he was to testify about the theft of his truck. (RR Vol. 4 p. 21). Coulson then testified that he did not recognize the Walsh, and never saw Walsh try to evade arrest in his pick-up truck. (RR Vol.4 p. 24). Then as second person, named Rick Nelson testified that from 75 or 100 feet away he observed a person in from a tan pick-up truck in between that truck and a utility trailer. Nelson stated that only by the time he got close enough this person was getting back in that truck. Nelson then told an officer passing by that he believed that person was attempting to steal a trailer. (RR Vol. 4 p. 30-35). Nelson later testified that it was possible that he did not see a second person if they were in the floorboard, laying down or leaning over. (RR Vol. 4 p. 42).

7

Nelson stated that he flagged down Officer Bobby Wooldridge and informed him of that he believed a person in the tan truck tried to steal a trailer. (RR Vol. 4 p. 34-35). Officer Wooldridge stated that he in turn started to follow the tan truck. Wooldridge then stated he activated overhead lights and the tan truck stared to accelerate. The State proffered evidence of the tan truck through State's exhibit 21, which showed the encounter of Officer Wooldridge. In the video the tan truck maneuvers through a parking lot on the service road to the onramp of Interstate 30. The truck then exists the freeway by crossing a grassy divide and turns onto a side street. At that point the truck turns on to a side street out of view of the camera. (RR State's Exhibit 21). Wooldridge eventually testified that he could not positively testify that Walsh was the one driving the tan truck.

When Wooldridge was asked if it was his testimony that Walsh used the truck as a deadly weapon, he said, "I don't believe so." Wooldrige added that in an evading situation it could always come to that. (RR Vol. 4 p. 97).

8

## SUMMARY OF THE ARGUMENT

**Issue One:**

*The evidence is legally insufficient to support the conviction of Appellant for evading or detention.*

Even when looking at all the evidence in the light most favorable to the State, the evidence does not establish that the logical force of the evidence, to the Appellant himself. Simply stated, there is a complete lack of evidence, which is required to sustain Appellant's conviction.

**Issue Two:**

*The evidence is legally insufficient to support the finding of a deadly weapon.*

The evidence presented at trial simply does not support a finding that the Appellant used a vehicle as a deadly weapon as set out in the statute and accompanying caselaw.

# ARGUMENT

**Issue One:** **The evidence is legally insufficient to support the conviction of Appellant as indicted.**

When reviewing legal sufficiency of the evidence, Courts review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements *of the charged offense* beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App.2010);*Jackson v. Virginia,* 443 U.S. 307, 319. *Emphasis added.* Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

To support a conviction of the appellant, the State must prove beyond a reasonable doubt that Appellant intentionally fled from a person he knows is a peace officer attempting lawfully to arrest or detain him. TEX. PEN. CODE ANN §38.04(a) (Casemaker 2015). If the actor uses a vehicle while

10

the actor is in flight the offense is a felony in the third degree. TEX. PEN. CODE ANN §38.04(b)(2) (Casemaker 2015).

Because the State only alleged that Walsh evaded arrest using a motor vehicle and nothing else it is immaterial if the evidence would support a conviction for the lessor included offense of evasion on foot. *Redwine v. State,* 305 S.W. 3d 360 (Tex. App. – Houston [14 Dist.] 2010).

The hypothetically correct jury charge cannot completely rewrite the indictment, but such a charge need not "track exactly all of the allegations in the indictment." *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001). The "'law' as 'authorized by the indictment' must be the statutory elements" of the offense charged "as modified by the charging instrument." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000), *overruled in part on other grounds by Gollihar*, 46 S.W.3d 243.

Consequently, if the essential elements of the offense are modified by the indictment, the modification must be included. *Gollihar*, 46 S.W.3d at 254. However, the hypothetically correct charge "need not incorporate allegations that give rise to immaterial variances." *Id.* at 256.

Here there is little evidence that would place Walsh as the driver of the vehicle that officer Wooldridge followed.  There is only evidence that

Walsh may have travelled on foot, but there is no evidence of a connection to the truck.

Courts have consistently held that an "uncertain in-court identification of an accused as the perpetrator of a crime, standing alone, is insufficient to support a guilty verdict." *Anderson v. State*, 813 S.W.2d 177, 179 (Tex.App.-Dallas 1991, no pet.), cited in *Swartz v. State*, 61 S.W.3d 781, 788 (Tex.App.-Corpus Christi 2001, pet. ref'd); *United States v. Murray*, 527 F.2d 401, 410 (5th Cir.1976).

The Fifth Circuit has explained: Questions of identification are, of course, ordinarily for the determination of the jury. If, however, the witness is unsure and there are no other connecting or corroborating facts or circumstances the jury is left without evidence upon which to translate unrelieved uncertainty into belief from the evidence beyond a reasonable doubt. *Murray*, 527 F.2d at 410. In this cases multiple witnesses viewed the tan truck and were unable to identify Appellant driving the truck beyond a reasonable doubt.

The State's witness, Coulson, testified that he did not recognize the Walsh, and never saw Walsh try to evade arrest in his pick-up truck. (RR Vol.4 p. 24). Then Rick Nelson testified that from 75 or 100 feet away he observed a person in from a tan pick-up truck in between that truck and a

utility trailer. Nelson stated that only by the time he got close enough this person was getting back in that truck. Nelson later testified that it was possible that he did not see a second person if they were in the floorboard, laying down or leaning over. (RR Vol. 4 p. 42). Lastly, Officer Wooldridge eventually testified that he could not positively testify that Walsh was the one driving the tan truck. (RR Vol. 4 p. 121). In fact Wooldridge testified there was a time when he lost sight of the truck. (RR Vol. 4. p.58). Consequently the officer did not observe anyone exit the truck, nor is there a witness that did see anyone exit the truck. Moreover, Appellant submitted evidence of an unavailable witness who stated Appellant was a passenger. (RR Vol. 5 p. 19-22).

The State insufficiently relied on evidence which was not enough to create the logical force necessary to allow a rational juror to find that the appellant had indeed evaded using a motor vehicle.

Even if evidence that Appellant was seen and found on foot after a search by the police is weighed by the fact finder, they could not have rationally connected Appellant driving the truck with the pursuit of the tan truck. No witness identified Appellant driving the tan truck or exiting the tan truck after it had come to a halt. Moreover no witness could even show that Appellant was in actual possession of the truck. There was not even

evidence that Appellant is the person who removed the truck from Grayson County from its owner.

In this case, the State did not prove beyond a reasonable doubt that Appellant intentionally evaded with the motor vehicle. Here, Appellant was not seen to be in direct possession of the tan truck by the testifying officer or any other witness.

Therefore, even resolving any facts in the State's favor, there is insufficient evidence to convict the Appellant in this case and his conviction should be overturned.

**Issue Two:** **The evidence is legally insufficient to support the finding that a deadly weapon was used in the underling offence.**

If this Court rejects Appellant's contention that the evidence is legally insufficient to convict him of evading arrest with a motor vehicle, then Appellant asserts the evidence is at least insufficient to show that he used a motor vehicle as a deadly weapon. Appellant's mere driving of the vehicle is not enough to connect him to its use as a deadly weapon. The Texas penal code defines a deadly weapon as a firearm or anything

14

manifestly designed, made, or adapted use for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PEN. CODE ANN §1.07(17)(A)&(B) (Casemaker 2015).

As stated above a Court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found that the essential elements of the offense were proven beyond a reasonable doubt. *Jackson* at 319. The Court of Criminal Appeals has previously indicated that challenges to the sufficiency of the evidence concerning deadly weapon findings in particular need not be preserved for review at the trial level. *Rankin v. State*, 46 S.W.3d 899 (Tex.Crim.App. 2001).

The only evidence of the truck in motion is a mere 90 seconds of video. In the video the tan truck maneuvers through a parking lot on the service road to the onramp of Interstate 30. The truck passes a few vehicles on the left, then exists the freeway by crossing a grassy divide and turns onto a side street. At that point the truck turns on to a side street out of view of the camera. In fact the truck appears to slow down before it turns off camera. (RR State's Exhibit 21). When Officer Wooldridge was asked if it was his testimony that Walsh used the truck as a deadly weapon,

15

he said, "I don't believe so." Wooldrige added that in an evading situation it could always come to that. (RR Vol. 4 p. 97). Meaning the officer's initial uncertain testimony indicates that in a chase, the vehicle could become a deadly weapon but here it did not.

Consequently, there is no other evidence of the use of the truck as a deadly weapon, the jury was left to speculate without evidence upon which to translate unrelieved uncertainty into belief from the evidence beyond a reasonable doubt.

Because the evidence was legally insufficient to sustain a deadly weapon finding, the appropriate remedy is for this court to reverse at least the part of the judgment reflecting the deadly weapon finding, and reform the trial court's judgment to delete it. Tex. R. App. P. 78.1(c) (Casemaker 2015).

# **PRAYER FOR RELIEF**

Wherefore, premises considered, Appellant respectfully prays that his conviction in the above entitled and numbered cause be reversed and acquit him. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403-0011

Attorney for the Appellant

## CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellant's Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,980 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.

Jason A. Duff
Attorney for the Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Hunt County District Attorney Noble D. Walker, Jr., P.O. Box 1097, Greenville, Texas 75403, on this the 22nd day of July, 2015, by hand and to the Court of Appeals in Texarkana via Electronic Filing.

Jason A. Duff
Attorney for the Appellant