

NUMBER 13-16-00548-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ERLIS JOSEPH CHAISSON,**                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                               **Appellee.**

**On appeal from the 19th District Court
of McLennan County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Erlis Joseph Chaisson challenges his conviction for one count of aggravated sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through 2017 1st C.S.), and two counts of indecency with a child by contact, *see id.* § 21.11 (West, Westlaw through 2017 1st C.S.). By five issues, which we construe as two with various sub-issues, Chaisson contends the trial court erred by: (1) admitting the

testimony of several witnesses, and (2) admitting extraneous offense evidence. We affirm.

## I. BACKGROUND[1]

Chaisson was charged by indictment with five counts of aggravated assault of a child and ten counts of indecency with a child by contact. *See id.* §§ 21.021, 22.11. Prior to trial, the State waived several counts, leaving one count of aggravated assault of a child and four counts of indecency with a child by contact. At the close of the State's case, appellant's motion for directed verdict was granted with respect to two of the counts of indecency with a child by contact.

At trial, the testimony showed that the complainant, E.W.[2] accused Chaisson, her step-father, of sexually assaulting her multiple times over a period of several years. E.W. further testified that the abuse took place in the bedroom as well as while laying on the couch. E.W. stated when she was approximately seven or eight years old, Chaisson would sometimes go into her bed at night and begin by rubbing her back and would progress to touching her breasts and her "private parts." She further testified to a specific instance involving Chaisson touching his penis to her vagina and causing her hand to touch his penis.

Prior to trial, the State notified appellant of its intent to call a witness under article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West, Westlaw through 2017 1st C.S.) (providing that evidence of extraneous

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Tenth Court of Appeals in Waco. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

[2] In order to protect the complainant's identity, we will use her initials and her family members' initials throughout this memorandum opinion. *See generally* TEX. R. APP. P. 9.8.

offenses or acts may be admissible in the prosecution of a defendant for continuous sexual abuse of a child, among other offenses). The State's notice stated, among other things, that V.W. would testify to prior offenses of sexual assault committed on her by Chaisson in 1993.

In a preliminary hearing outside the presence of the jury regarding the admissibility of testimony from V.W., the trial court heard testimony that Chaisson sexually assaulted V.W. in Jefferson Parish, Louisiana, two times when she was a child. V.W. testified that the first time the sexual assault happened was while watching a movie on the sofa together. V.W. told the court that she and Chaisson were under a blanket when he put his hands inside her underwear and touched her vagina. She then testified that the next night, again while watching television on the sofa, she and Chaisson were under a blanket when he put his penis against her vagina "under the elastic part of [her] underwear." V.W. reported the sexual assault the next day to her mother. After the hearing and over the objection of Chaisson, the State was allowed to call V.W. to testify in front of the jury regarding her past allegations of sexual assault by Chaisson. V.W.'s testimony to the jury was substantially similar to that presented in the hearing outside of the jury's presence. After V.W.'s testimony, the jury received a limiting instruction from the court informing them:

> Ladies and gentlemen, the testimony you've just heard from this witness, first of all, you may not consider it for any purpose whatsoever unless you believe beyond a reasonable doubt that the events described occurred. Aside from that, you may consider it for any relevant matter, including the character of the defendant and the acts performed in conformity with the character of the defendant.

The jury also received the following instruction in the jury-charge:

3

There is evidence before you that the Defendant has committed crimes, wrongs, or bad acts other than the ones charged in the indictment.

You are instructed that you shall not consider any such allegations for any purpose at all unless you, as an individual juror, believe beyond a reasonable doubt that such crimes and acts were committed.

Those of you who believe beyond a reasonable doubt that the defendant committed these acts may consider them only for the purposes outlined below:

. . . .

As to the extraneous crimes and acts alleged to have been committed by the defendant Erlis Joseph Chaisson against V.W., a child, you may consider these acts, if any for any bearing the evidence has on relevant matters including the character of the defendant Erlis Joseph Chaisson and acts performed in conformity with the character of the defendant.

The jury found Chaisson guilty of all three remaining counts of the indictment. As to Count I of the indictment, punishment was assessed at life imprisonment in the Texas Department of Criminal Justice–Institutional Division, punishment for Count II was assessed at seven-years' imprisonment, to be served concurrently, and punishment for Count V was assessed at seven-years' imprisonment, to be served concurrently. This appeal followed.

## II.    ADMISSIBILITY OF WITNESS TESTIMONY

By his first issue, Chaisson alleges that the trial court erred by allowing several witnesses to testify as to the truth of E.W.'s allegations. *See* TEX. R. EVID. 702.

### A.    Testimony of Complainant's Truthfulness

Chaisson asserts that the trial court erred by allowing three witnesses to testify as to the truthfulness of E.W.'s allegations. The State argues that Chaisson did not preserve error regarding the testimony complained of, and even if he had, the error, if any, would have been harmless.

4

### 1. Standard of Review and Applicable Law

We review the trial court's ruling regarding the admissibility of evidence under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001), *cert. denied*, 534 U.S. 855, 122 S.Ct. 127, 151 L.Ed.2d 82 (2001); *see Aguilera v. State*, 75 S.W.3d 60, 64 (Tex. App.—San Antonio 2002, pet. ref'd). An expert witness may not testify directly that a particular witness is truthful, or that a class of persons to which the particular witness belongs is truthful. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); *see also Hitt v. State*, 53 S.W.3d 697, 707 (Tex. App.—Austin 2001, pet. ref'd).

In order to preserve error for appellate review, the record must show that a complaint was made to the trial court by an objection that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a); *Aguilera*, 75 S.W.3d at 65.

### 2. Analysis

To preserve error for review, a timely and specific objection must be made and followed by an adverse ruling. *Id.*; *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). A party must object every time allegedly inadmissible testimony is offered in order to preserve error. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); *Scaggs v. State*, 18 S.W.3d 277, 291 (Tex. App.—Austin 2000, pet. ref'd); *see also Hitt*, 53 S.W.3d at 707–08.

Assuming, as Chaisson claims, that the State's elicited testimony from Tabetha Harrison, Marjorie Husbands, and Dr. William Lee Carter crossed the line and that each testified directly as to E.W.'s truthfulness concerning the allegations against him, we observe that not all the claimed errors were preserved for review. There was no objection to some of the testimony cited by Chaisson; thus, nothing was preserved for review as to that testimony. *See* TEX. R. APP. P. 33.1. Specifically, the complained of testimony of Marjorie Husbands contains no objection from Chaisson, and is therefore waived.

As to Dr. Carter, Chaisson's complained of testimony also does not contain any objection during questioning by the State, but prior to the testimony of Dr. Carter, a "running objection" was lodged relating to the testimony of Dr. Carter "invading the province of the jury." However, even if Chaisson's "running objection" preserved error, overruling an objection to evidence will not generally result in reversal where other evidence of that same fact was received without objection, either before or after the complained-of ruling, regardless of whether the other evidence was introduced by the defendant or the State. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (citing *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993)). Here, the State did not elicit truthfulness testimony from Dr. Carter until they were on re-direct. In fact, the first instance of such truthfulness testimony was elicited by Chaisson during cross-examination:

> Q. What about -- talk to us about embellishment of memories or the idea that maybe one thing occurred and it's actually larger or bigger than what actually occurred.
>
> A. We all know what a fish tale is. You know, "I went fishing when I was 10 years old and I caught a fish." "Well, how big was it?" Well, maybe in actuality it was this big, but by the time I'm 25 years old, it's this big.

6

Q. Uh-huh.

A. Maybe. We've got to -- we have to consider that possibility.

Q. And to be fair, it could be the other way around?

A. That's true.

Chaisson focuses much attention on the idea that the embellishment testimony was improper; however it is not until cross-examination that such questioning occurs with Dr. Carter. Therefore, Chaisson has waived his right with regards to Dr. Carter's testimony regarding the truthfulness of E.W. *See Hitt*, 53 S.W.3d at 708; *see also Fuller v. State*, 827 S.W.2d 919, 928 (Tex. Crim. App. 1992).

There was some testimony of Tabetha Harrison to which appellant timely objected on the ground of an "improper question" and secured an adverse ruling.

> Ordinarily, an objection to "improper argument" is too general to preserve error. *See, e.g.*, *Miles v. State*, 312 S.W.3d 909, 911 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (collecting cases). A general objection like the one appellant made, however, can be sufficient to preserve error *when the record shows the trial court understood the nature of the objection*—e.g., when the trial court denies a motion for mistrial or specifically instructs the jury concerning the same matter raised in the appeal. *See, e.g., Everett v. State*, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986); *see also Vasquez v. State*, 501 S.W.3d 691, 705 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (trial court's understanding of an objection may be evidenced by comments or admonitions after its ruling).

*Gonzalez v. State*, --- S.W.3d ----, 2017 WL 5618018, at *7 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (emphasis added). Here, counsel's objection was, "I believe that's an improper question," and the court merely overruled the objection. The State went on to elicit additional testimony relating to authenticity of E.W.'s claims, to which Chaisson did not object. On the basis of the record before us, it cannot be concluded that the court necessarily understood the nature of the objection. *See id.* Furthermore, to preserve a

complaint for appellate review, the objecting party must either make a *timely and specific* objection *each time* the evidence or testimony is offered, or obtain a running objection. *See Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd). Since Chaisson did neither of these, he has preserved nothing for our review regarding Harrison's testimony. *See id*.; *see also Badall v. State*, 216 S.W.3d 865, 872 (Tex. App.— Beaumont 2007, pet. ref'd).

Chaisson's first issue is overruled.

### III.    EXTRANEOUS OFFENSE EVIDENCE

By issues two, three, and four, Chaisson challenges the admissibility of the extraneous offense evidence offered at trial. Chaisson argues: (1) his due process rights were violated by the testimony; (2) the evidence did not support a finding that he committed the extraneous offense beyond a reasonable doubt as required by Texas Code of Criminal Procedure article 38.37; and (3) the trial court violated rule of evidence 403 by admitting evidence of his extraneous acts. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37; *see also* TEX. R. EVID. 403.

### B.    Due Process Violation

Chaisson contends that the trial court's admission of the extraneous offense against V.W. into evidence at the guilt-innocence stage of the trial deprived him of due process of law. Therefore, he contends that Texas Code of Criminal Procedure article 38.37, section 2(b), under which the evidence was admitted, is unconstitutional. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b).

8

### 1.  Standard of Review and Applicable Law

In reviewing the constitutionality of a statute, we must presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting it.  *Belcher v. State*, 474 S.W.3d 840, 843 (Tex. App.—Tyler 2015, no pet.) (citing *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978)).  The person challenging the statute must show that the statute is unconstitutional.  *Id.*

To establish a due process violation, it is the appellant's burden to show that the challenged statute or rule violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency."  *Dowling v. United States*, 493 U.S. 342, 352–53 (1990).

### 2.  Analysis

Chaisson's argument is substantially that admission of the evidence of extraneous offenses relevant only to showing his propensity to commit such crimes, denied him a fair opportunity to defend only against the current charge against him. He argues that the admission of the evidence of the prior offenses was so prejudicial as to violate his constitutional right to due process.

> Article 38.37 as amended now provides for the admission of evidence of other sex crimes committed by the defendant against children other than the victim of the alleged offense "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). Though different in wording, the state statute and Federal Rule of Evidence 414 have virtually the same effect. Both make admissible evidence of the defendant's other sex crimes against children other than the complainant in order to show his propensity to commit the act of child sexual abuse alleged. *Compare* TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b) *with* FED. R. EVID. 414(a) ("In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.").

*Belcher*, 474 S.W.3d at 846–47.

While Chaisson argues that a significant rationale behind the promulgation of Article 38.37 § 2(b) was the concept that the trauma inflicted upon abused children causes them to be poor witnesses in court, we find this argument unpersuasive. "Every reasonable intendment and presumption will be made in favor of the constitutionality and validity of a statute, until the contrary is clearly shown. The legislature is presumed to have regarded constitutional limitations or requirements in enacting laws, as assiduously as the courts do in construing and applying them. And before a legislative act will be set aside, it must clearly appear that its validity cannot be supported by any reasonable intendment or allowable presumption." *Ex parte Granviel*, 561 S.W.2d at 511; *see also Alobaidi v. State*, 433 S.W.2d 440 (Tex. Crim. App. 1968). Therefore, the statute, as enacted, clearly applies to all sex crimes committed on children, regardless of the age of the complainant at the time of trial. Even though E.W. was not a young child at the time of her testimony, the nature of the charges against Chaisson allow for the extraneous evidence to be admitted.

However, not all evidence of extraneous offenses is admissible. Before such evidence is admitted, the trial court must still conduct a balancing test under Rule 403. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b) (permitting admission of propensity evidence "[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence," but not excluding from application of Rule 403). The trial court may exclude the evidence if its probative value is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Futhermore, Article 38.37, Section 2–a requires that, before evidence of prior

10

sexual misconduct is admitted, the trial court must conduct a hearing out of the jury's presence to determine that the evidence likely to be admitted will support a jury finding that the defendant committed the separate offense beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2–a. During the hearing and during the actual testimony, once determined to be admissible, Chaisson was afforded the opportunity to cross-examine the witness. Fundamental fairness, therefore, was preserved by the defendant's right to cross examination. *Belcher*, 474 S.W.3d at 847; *see also Brantley v. State*, 48 S.W.3d 318, 330 (Tex. App.—Waco 2001, pet. ref'd); *Phelps v. State*, 5 S.W.3d 788, 798 (Tex. App.—San Antonio 1999, pet. ref'd). The admission of evidence of Chaisson's other sexual crime or bad act against a child other than the complainant, E.W., did not deprive Chaisson of due process of law, and Article 38.37, Section 2(b) is constitutional.

Chaisson's second issue is overruled.

## C.      Extraneous Offense Evidence Testimony

### 1.      Standard of Review

A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We will not disturb the trial court's decision to admit or exclude evidence if it is within the zone of reasonable disagreement. *Id.* A trial court has wide latitude to admit or exclude evidence of extraneous offenses. *See Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990) (en banc) (op. on reh'g).

11

### 2. Applicable Law

Under Texas Code of Criminal Procedure article 38.37, in a trial for certain sexual offenses including each offense alleged in the indictment, evidence that the defendant has committed an extraneous sexual offense may be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). The State must provide the defendant with notice of its intent to introduce such evidence not later than thirty days before the date of trial. *Id*. § 3. For such evidence to be admitted, the trial court must rule it admissible after a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id*. § 2–a; *see also Dickey v. State*, No. 13-15-00303-CR, 2016 WL 3962688, at *2 (Tex. App.—Corpus Christi 2016, no pet.) (mem. op., not designated for publication).

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice" among other things. TEX. R. EVID. 403. In determining whether probative value of evidence is substantially outweighed by the danger of unfair prejudice, we consider "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Cox v. State*, 495 S.W.3d 898, 903 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). "'Probative value' refers to the inherent probative force of an item of evidence—that is, how strongly it serves

12

to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). "'Unfair prejudice' refers to a tendency to suggest decision on an improper basis—commonly, though not necessarily, an emotional one." *Id.* An appellate court presumes that the probative value will outweigh any prejudicial effect. *See Montgomery*, 810 S.W.2d at 389.

### 3. Analysis

#### a. Beyond a Reasonable Doubt

By his third issue, Chaisson argues that V.W.'s inability to identify him with certainty does not amount to adequate evidentiary proof beyond a reasonable doubt that he committed the extraneous offense. An uncertain in-court identification of an accused as the perpetrator of a crime, without more, has been held insufficient to uphold a conviction. *See Duvall v. State,* 367 S.W.3d 509, 512 (Tex. App.—Texarkana 2012, pet. ref'd). However, an equivocal identification will not make a verdict improper for lack of evidence if there is other evidence to corroborate it. *Prihoda v. State,* 352 S.W.3d 796, 803 (Tex. App.—San Antonio 2011, pet. ref'd) (citing *Anderson v. State,* 813 S.W.2d 177, 179 (Tex. App.—Dallas 1991, no pet.)). In such a case, "[t]he witness's uncertainty goes to the weight of the testimony and is for the jury" to consider, or the trial judge in a bench trial. *Anderson*, 813 S.W.2d at 179.

V.W. was questioned in a hearing outside the presence of the jury. During the hearing, V.W. testified that she knew Erlis Chaisson when he was romantically involved with her mother over 20 years earlier. V.W. was thirty-one years old at the time of her testimony and she testified that she had not seen the defendant since she was eight years

13

old. After her testimony regarding her molestation by Chaisson, she admittedly was unable to immediately recognize the defendant as Chaisson. She stated that she deduced, based on the location of the defendant at counsel table, that the defendant was Chaisson. In addition to V.W.'s testimony, the State introduced into evidence the underlying judgment relating to Chaisson's out-of-state conviction for molestation of a juvenile, naming V.W. as the victim. The record also shows that Chaisson is a registered sex-offender as a result of the same out-of-state conviction against V.W. A jury is in the best position to evaluate the credibility of witnesses, and we are required to afford due deference to the jury's determinations. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). We find a rational trier of fact could have found the evidence presented to be sufficient to conclude beyond a reasonable doubt that the extraneous offense was committed against V.W. by Chaisson.

Chaisson's third issue is overruled.

### b. Probative Value of the Extraneous Evidence

By his fourth and fifth issues, Chaisson argues the extraneous evidence presented was more prejudicial than probative, and therefore, should have been excluded. *See* TEX. R. EVID. 403.

The probative value factor of a Rule 403 analysis requires us to consider the strength of the extraneous offense evidence to make a fact of consequence more or less probable. *See Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010) (explaining that "probative value" refers to how strongly evidence makes existence of "fact of consequence" "more or less probable" and to how much proponent needs evidence and that "unfair prejudice" refers to how likely it is that evidence might result in decision made

on improper basis, including "an emotional one"). Chaisson argues that the remoteness of the extraneous offense creates significantly lower probative force than a more recent event. However, the extraneous offense and the charged offense occurred less than 10 years apart. While the trial was held some years later, the time between the extraneous offense and the charged offense is significantly closer in time than the remoteness which Chaisson focuses on. Further, the extraneous offense evidence is sufficiently similar to the charged offense to have probative value on this issue. *See Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd). When determining the probative value of past criminal behavior, courts should consider "the closeness in time between the extraneous offense and the charged offense" as well as "the similarities between the extraneous offense and the charged offense." *Kiser v. State*, 893 S.W.2d 277, 281 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd); *see Morrow v. State*, 735 S.W.2d 907, 909–12 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). This factor weighs in favor of admissibility.

Next, we turn to the potential of the evidence to impress the jury in some irrational but indelible way. Chaisson argues the evidence is inherently inflammatory and prejudicial in nature. He further contends that the evidence is likely to distract the jury given its emotional content. "Evidence might be unfairly prejudicial if, for example, it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence." *Gigliobianco*, 210 S.W.3d at 641. "[C]onfusion of the issues" refers to "a tendency to confuse or distract the jury from the main issues in the case." *Id.* "[M]isleading the jury" refers to "a tendency of an item of evidence to be given undue weight by the jury on other than emotional grounds." *Id.* When the extraneous offense

15

is no more heinous than the charged offense, evidence concerning the extraneous offense is unlikely to cause unfair prejudice.  *See Taylor v. State*, 920 S.W.2d 319, 323 (Tex. Crim. App. 1996).  The out-of-state conviction for molestation of a juvenile was substantially similar to and no more heinous than that of the charged offense.  The trial court also gave the jury a limiting instruction regarding the extraneous offense evidence. *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996) (holding that any impermissible inference of character conformity can be minimized by the use of a limiting instruction). This factor weighs in favor of admissibility.

Chaisson concedes that the testimony was not too time consuming and therefore the time needed to develop the evidence was not prejudicial. This factor weighs in favor of admissibility.

The fourth factor requires us to determine the need for the extraneous offense evidence in this case.  *See Hernandez*, 390 S.W.3d at 324.  The Texas Court of Criminal Appeals has explained:

> sexual assault cases are frequently "he said, she said" trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence. Thus, the Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such "he said, she said" cases.

*Hammer v. State*, 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009); *see also Thompson v. State*, No. 13-13-00558-CR, 2014 WL 4049892, at *6 (Tex. App.—Corpus Christi 2014, pet. ref'd) (mem. op., not designated for publication).  Chaisson argues the need for the evidence was not compelling.  He bases his argument on the testimony of E.W. as well as the recorded conversations between E.W. and himself.  However, Chaisson argues

16

throughout his brief that the recorded conversations do not in fact contain any admissions or evidence that proves he committed the charged offenses. Additionally, extraneous evidence in these types of cases is often used to counter a defensive theory that the complainant is being dishonest. *See Williams v. State*, 531 S.W.3d 902, 920 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Hudson*, 2017 WL 5472626, at *7–8. (finding that the State had a strong need for extraneous evidence where there was no direct evidence linking appellant to the allegations and defense counsel presented the jury with testimony regarding an alibi). We find the State had a need for the extraneous evidence. This factor weighs in favor of admission.

Given our standard of review, the presumption in favor of admissibility, and the resolutions of the factors discussed above, we conclude the trial court did not abuse it's discretion when it concluded that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. *See Freeman v. State*, 230 S.W.3d 392, 404–05 (Tex. App.—Eastland 2007, pet. ref'd) (appellate courts will not reverse a trial court's Rule 403 determination absent a "clear abuse of discretion").

Chaisson's fourth and fifth issues are overruled.

### IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of April, 2018.

17